**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4230

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTEZ ANTONIO STEVONS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00158-CCE-1)

_____

Submitted:  June 10, 2025                    Decided:  June 16, 2025

_____

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Sandra Payne Hagood, LAW OFFICE OF SANDRA PAYNE HAGOOD, Chapel Hill, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Montez Antonio Stevons pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), the district court determined that he had previously committed three violent felonies on different occasions, thus qualifying him for a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The court then sentenced Stevons to 180 months' imprisonment—the mandatory minimum sentence under the ACCA.

Stevons appeals, arguing that it was improper for the district court to decide whether his three ACCA predicates were committed on different occasions. Based on authority that issued after this appeal was briefed, we conclude that the district court erred, but that the error is harmless. We therefore affirm.

The ACCA enhancement applies if a defendant convicted of a § 922(g)(1) offense "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In *Erlinger v. United States*, the Supreme Court held that the facts relating to the different occasions question "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." 602 U.S. 821, 834 (2024). Thus, a district court commits error by deciding the different occasions issue at sentencing. *Id.* at 838-39. But so-called "*Erlinger* errors" do not result in automatic reversal; rather, as we recently held, an *Erlinger* error is subject to harmless error review. *United States v. Brown*, 136 F.4th 87, 92-96 (4th Cir. 2025). Where, as here, the defendant was convicted after pleading guilty, the Government establishes that an *Erlinger* error is harmless by "show[ing] beyond a

2

reasonable doubt that if [the defendant's] indictment had alleged the different occasions element of ACCA and if [the defendant] had been correctly advised at his plea hearing that he was entitled to have a jury resolve that issue unanimously and beyond a reasonable doubt," the defendant "would have nonetheless waived that right and admitted as part of his guilty plea that his prior offenses were committed on different occasions." *Id.* at 97 (cleaned up).

In concluding that the *Erlinger* error in *Brown* was harmless, we noted that "Brown chose to plead guilty to the firearm-possession offense *after* having been twice informed that ACCA's mandatory minimum of 15 years and its maximum of life would apply if the judge found its requirements satisfied." *Id.* at 98. And though Brown raised the different occasions issue at sentencing, he did not seek to withdraw his guilty plea. *Id.* Moreover, Brown did not contest the accuracy of his presentence report (PSR), even though the facts alleged therein provided the basis for the district court's different occasions finding. *Id.*

Stevons's case is on all fours with *Brown*. First, both in his plea agreement and at the plea hearing, Stevons was informed of the possible ACCA enhancement. At the hearing, Stevons confirmed that he had read and understood the plea agreement. And when the district court explained the enhancement, Stevons indicated that he had no questions about the statutory penalties he faced. Second, Stevons raised the different occasions issue at sentencing but never sought to withdraw his plea. And third, Stevons did not dispute the accuracy of the PSR.

Finally, in *Brown*, we recognized an inverse relationship between the strength of the evidence supporting the ACCA enhancement and the likelihood that a defendant would

3

forgo the benefits of pleading guilty for the opportunity to have a jury decide the different occasions issue. 136 F.4th at 99. There, the evidence supporting Brown's ACCA enhancement was exceptionally strong. *Id.* at 98. Thus, "given that the possibility of a favorable verdict on the different occasions issue would have been so exceedingly remote as to be practically irrelevant, we [could not] fathom that Brown would have traded the benefit of pleading guilty for such long odds." *Id.* at 99.

So too here. "[T]he word 'occasion' in ACCA should be given its 'ordinary meaning'—that is, 'essentially an episode or event.'" *Id.* (quoting *Wooden v. United States*, 595 U.S. 360, 366 (2022)). In this case, the PSR indicated that each of Stevons's ACCA predicates—a robbery offense and two manslaughter offenses—was perpetrated against a different victim, weeks apart from the others. In our view, this evidence leaves "no doubt that [Stevons] would have pleaded guilty if the indictment had alleged that he committed his prior [violent felonies] on three different occasions and if he had been informed that he was entitled to have a jury find that fact beyond a reasonable doubt." *Id.* We therefore conclude that the *Erlinger* error in this case is harmless.[*]

---

[*] Citing *United States v. Thompson*, 421 F.3d 278, 284-87 (4th Cir. 2005), Stevons also contends that the district court erred by relying on the PSR to resolve the different occasions question. Because the court's error is clear under *Erlinger*, we need not consider this alternative argument.

4

Accordingly, we affirm the district court's judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*